CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJ*e

SEP 19 2011

JULIA C. DUDLEY, CLERK
BY: HMcDaniel
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ERIN DEAN PROCTOR,** | ) | **Civil Action No. 7:11-cv-00202** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DIRECTOR, DEPARTMENT OF** | ) | **By: Hon. Jackson L. Kiser** |
| **CORRECTIONS,** | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

Erin Dean Proctor, a Virginia inmate proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that he received ineffective

assistance of counsel and that the trial court erred by admitting certain evidence. Respondent

filed a motion to dismiss, and petitioner filed a motion to amend without a response, making the

matter ripe for disposition. After reviewing the record, I dismiss the petition.

I.

On September 12, 2008, the Circuit Court for the City of Lynchburg entered petitioner's

criminal judgment for aggravated malicious wounding and burglary. The Circuit Court

sentenced petitioner to an active term of twenty-four years' imprisonment. Petitioner appealed

his convictions to the Court of Appeals of Virginia, which affirmed his convictions on April 1,

2009. Petitioner appealed to the Supreme Court of Virginia, which refused his petition for

appeal on September 11, 2009. Proctor presented one issue in his appeals: whether the trial court

erred by admitting at trial the preliminary hearing testimony of the victim. Petitioner did not

petition the Supreme Court of the United States for a writ of certiorari.

On March 7, 2010, petitioner filed a state habeas petition with the Circuit Court, which

dismissed the petition on the merits on July 14, 2010. (Pet. (no. 1) 3.) Petitioner appealed the

dismissal to the Supreme Court of Virginia.  However, the Supreme Court of Virginia dismissed the appeal on January 18, 2011, because petitioner failed to comply with Va. Sup. Ct. R. 5:17(c), which requires a petition for appeal to assert specific assignments of error in the lower court's ruling.

Petitioner signed this instant, federal petition on April 9, 2011, and avers via the form petition that he deposited it into the prison mailing system on April 15, 2011.  However, petitioner mailed that petition to the United States District Court for the Eastern District of Virginia ("Eastern District Court"), which was returned to him, presumably as undeliverable, because he mailed it to the wrong address.

On April 25, 2011, petitioner wrote a cover letter and included it in the petition, which the court received on May 2, 2011, in one envelope.  Petitioner explains in the cover letter that he previously mailed his petition to the Eastern District Court and it was returned to him.  The envelope addressed to this court's Clerk bears a date stamp of April 29, 2011.

In the instant petition, petitioner alleges the following claims:

(A)   Counsel was ineffective for failing to object to the admission of the victim's preliminary hearing testimony on the grounds that such admission violated his right to confront his accuser;

(B)   Counsel was ineffective for failing to impeach the doctor's testimony regarding the significance and permanency of the victim's injuries;

(C)   Counsel was ineffective for failing to object to the admission of the 911 tape on the ground that parts of it had been erased; and

(D)   The trial court erred in by permitting the Commonwealth to admit the victim's testimony from the preliminary hearing.

Respondent filed a motion to dismiss on July 13, 2011, and petitioner filed a motion to amend the petition on August 9th, when he says he deposited the motion in the prison's mailing system.

2

II.

A.    PETITIONER DID NOT TIMELY FILE HIS FEDERAL PETITION.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation.  28

U.S.C. § 2244(d)(1).[1]  Generally, this period begins to run from the date on which the judgment

of conviction becomes final.[2]  See 28 U.S.C. § 2244(d)(1)(A).  A conviction becomes final once

the availability of direct review is exhausted.  See United States v. Clay, 537 U.S. 522, 524

(2003).  However, the one-year filing period is tolled while an inmate's "properly filed

application for State post-conviction or other collateral review" is "pending."  28 U.S.C.

§ 2244(d)(2).  See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27,

2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral

review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A).  Petitioner's conviction

became final on December 10, 2009, when the time expired for petitioner to seek a writ of

certiorari from the United States Supreme Court.  See U.S. Sup. Ct. R. 13(1) (stating appellant

must file a petition for a writ of certiorari within ninety days of judgment being appealed).

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).  (Pet'r's Mot. to Amend (no. 29) Ex. F.)

3

Petitioner filed his state habeas petition on March 7, 2010, 86 days after his conviction became final. (Pet. 3.) The Circuit Court dismissed the petition on July 14, 2010, and petitioner appealed.

However, the time petitioner's habeas appeal was pending before the Supreme Court of Virginia does not toll the statute of limitations because only properly-filed applications for collateral review toll the federal statute of limitations. "Properly filed" means an application for collateral review is "deliver[ed] and acceptance[d] . . . in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document [and] the time limits upon its delivery . . . ." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Virginia Supreme Court Rule 5:17(c) requires an appellant to list Assignments of Error, and "[w]ithout such a list and heading, the petition does not meet the required form of the petition for appeal." Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001), cert. of appealability denied, 47 F. App'x 200 (4th Cir. 2001). Therefore, the statute of limitations began running on July 15, 2010, the day after the Circuit Court dismissed the state habeas petition and not in January 2011 when the Supreme Court of Virginia dismissed the appeal.

Although petitioner states on the instant petition that he deposited it in the prison mail system on April 15, 2011, petitioner's letter clearly shows that petition did not properly file the petition any earlier than April 25, 2011. "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz, 531 U.S. at 8. Although petitioner may have handed his petition to prison officials for mailing to the Eastern District Court on April 15th, petitioner admits his petition was never accepted by that court's Clerk. Instead, petitioner received the petition back

4

and gave it to prison officials no earlier than April 25th for mailing to this court's Clerk.  While

petitioner benefits from Houston v. Lack, 487 U.S. 266, 276 (1988), and Rule 3(d) of the Rules

Governing § 2254 Cases for having his petition considered filed when he hands it to prison

officials to mail, the benefit is recognized when petitioner mails it to a valid address where the

Clerk may accept or acknowledge its receipt for filing.  Accordingly, petitioner's April 15th

attempt does not qualify as a properly filed federal petition for § 2244, and April 25, 2011, is the

date he properly filed his federal habeas petition.  Another 284 days ran between July 15, 2010,

the day after the Circuit Court dismissed the state habeas petition, and April 25, 2011, when

petitioner properly filed his federal petition.  The 284 day period added to the 86 day period

totals 370 days between when his conviction became final and he filed the instant federal habeas

petition.  Accordingly, petitioner failed to timely file the instant petition, and I must dismiss it

unless I equitably toll the statute of limitations

      Equitable tolling is available only in "those rare instances where – due to circumstances

external to the party's own conduct – it would be unconscionable to enforce the limitation period

against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.

2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325,

330 (4th Cir. 2000)).  Mere lack of knowledge about legal process or the statutory deadline for

federal habeas relief does not support granting such extraordinary relief.  See Harris, 209 F.3d at

330.  Furthermore, I do not find any extraordinary circumstances in this record that prevented

petitioner from filing a timely petition.  See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th

Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v.

Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to

5

illiteracy or pro se status does not toll limitations period).  Petitioner had several years to

discover the correct mailing address, could have initially mailed it to this court, or could have not

waited until the last few days of the limitations period to mail his federal petition.  Accordingly, I

find that petitioner filed his federal habeas petition beyond the one-year statute of limitations,

petitioner is not entitled to equitable tolling, and the petition must be dismissed.

B.    THE UNTIMELY PETITION MOOTS PETITIONER'S MOTION TO AMEND, WHICH IS UNTIMELY
      EVEN IF THE PETITION WAS TIMELY FILED.

On August 9, 2011, petitioner mailed to the court his motion to amend, by which he

wants to add a new claim to his federal habeas petition.  Petitioner argues in this new claim that

the victim's mental conditions were withheld from him and his counsel before trial and should

have been addressed during trial.  Petitioner claims the victim is schizophrenic, hears voices, and

the voices tell him to do aggressive things.  Petitioner argues that the victim's mental health

conditions are "newly discovered evidence."

Petitioner attached to his motion the victim's unauthenticated mental health consultation

report during his stay in a hospital after petitioner caused him significant neck wounds.  The

unauthenticated record reflects that, during the consultation, the victim admitted that a mental

health clinician diagnosed him as schizophrenic two years earlier because he heard voices and the

voices told him to do aggressive things.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a

matter of course within 21 days of serving the pleading or "if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  If a party seeks to amend

its pleadings in all other cases, it may only do so with the opposing party's written consent or the court's leave.[3]  A court should freely give leave when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)).  "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991). Petitioner's motion to amend is subject to my approval because he did not file it within the 21 day period.  I deny the motion to amend as futile because the petition he seeks to amend is untimely.

However, even if the petition was timely filed, the amendment is untimely filed by several months.  Once the statute of limitations expired, petitioner may amend the petition only if the amendment "relates back" to the date of the original pleading.  Fed. R. Civ. P. 15(c).  An amended pleading relates back if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence set out --or attempted to be set out--in the original pleading." Id. However, an "amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type of those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) ("The fact that amended claims arises from the same trial and sentencing proceeding as the original motion does not mean that

---

[3] Respondent has neither consented nor objected to petitioner's motion to amend.

the amended claims relate back for purposes of Rule 15(c)."); Hebner v. McGrath, 543 F.3d

1133, (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial,

conviction, or sentence."). Petitioner did not raise any claim in his original federal petition about

the capacity or credibility of the victim. Therefore, petitioner's amendment does not arise from a

common core of operative facts applicable to the original petition. Accordingly, petitioner filed

his amendment beyond the statute of limitations,[4] the amendment does not relate back to the date

of the original petition, and I deny the motion to amend.

C.   PETITIONER PROCEDURALLY DEFAULTED CLAIMS (A), (B), AND (C).

A federal court "may not grant a writ of habeas corpus to petitioner in state custody unless

the petitioner has first exhausted his state remedies by presenting his claims to the highest state

court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See 28 U.S.C. § 2254(b)

(mandating exhaustion). The purpose of exhaustion is to give "state courts a full and fair

opportunity to resolve federal constitutional claims before those claims are presented to the

federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). The exhaustion requirement

is satisfied by finding that the "essential legal theories and factual allegations advanced in federal

court . . . [are] the same as those advanced at least once to the highest state court." Pruett v.

Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993)

(citing Picard v. Connor, 404 U. S. 270, 275-76 (1971)). Therefore, petitioner must present both

the same argument and factual support to the state court prior to filing the claim with a federal

court. Anderson v. Harless, 459 U. S. 4, 6-7 (1982).

---

[4] Petitioner does not state when he discovered the information but alleges the information was kept from him and his counsel pre-trial. Therefore, the later event for § 2244 for this claim would be when his conviction became final in December 2009 instead of when his trial occurred in 2008.

Petitioner presented Claim (D) to the Supreme Court of Virginia in his direct appeal following the Court of Appeals of Virginia affirming his conviction. However, petitioner has never presented Claim (A) to the Supreme Court of Virginia. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." Matthews v. Evatt, 105 F.3d 907, 911 (1997) (citations omitted).

Virginia Code § 8.01-654(B)(2) provides that a state habeas petition must contain all the allegations and facts of which are known to the petitioner at the time of filing. Section 8.01-654(B)(2) also prohibits the granting of any habeas petition based on allegations that could have been presented by the petitioner at the time of his previous petition. Thus, Virginia Code § 8.01-654(B)(2) bars consideration of Claim A if petitioner now tries to present it in state court. See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (discussing § 8.01-654(B)(2) as a procedural bar). Accordingly, I treat Claim A as technically exhausted because petitioner is now procedurally barred from presenting it in state court.

Petitioner presented Claims (B) and (C) to the Supreme Court of Virginia in his habeas appeal from the Circuit Court. However, petitioner procedurally defaulted Claims B and C when he failed to comply with Supreme Court of Virginia Rule 5:17(c). A federal habeas claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis

9

of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260.

For Claims (B) and (C), the Supreme Court of Virginia declined to entertain petitioner's appeal specifically because he failed to comply with its Rule 5:17(c). Rule 5:17(c) is an adequate and independent state ground for denying relief. Hedrick v. True, 443 F.3d 342, 360-63 (4th Cir. 2006).

When a claim is procedurally defaulted, a district court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995). Petitioner does not present any claim of cause, prejudice, or a fundamental miscarriage of justice. Accordingly, I find that petitioner is not excused from procedurally defaulting claims (A), (B), and (C), and I dismiss them.

D.    THE SUPREME COURT OF VIRGINIA'S REJECTION OF CLAIM D DOES NOT ENTITLE
      PETITIONER TO FEDERAL HABEAS RELIEF.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  After

a state court addressed the merits of a claim also raised in a federal habeas petition, a federal

court may not grant the petition unless the state court's adjudications of a claim is contrary to, or

an unreasonable application of, clearly established federal law, or based on an unreasonable

determination of the facts.  28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable

application of" federal law is based on an independent review of each standard.  Williams v.

Taylor, 529 U.S. 362, 412-13 (2000).  A state court determination is "contrary to" federal law if it

"arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a

question of law or if the state court decides a case differently than [the United States Supreme]

Court has on a set of materially indistinguishable facts."  Williams, 529 U.S. at 413.  A federal

court may also issue the writ under the "unreasonable application" clause if the federal court finds

that the state court "identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  This

reasonableness standard is an objective one.  Id. at 410.  A Virginia court's findings cannot be

deemed unreasonable merely because it does not cite established United States Supreme Court

precedent on an issue if the result reached is not contrary to that established precedent.  See

Mitchell v. Esparza, 540 U.S. 12, 16 (2003).  Furthermore, "[a] state-court factual determination

is not unreasonable merely because the federal habeas court would have reached a different

11

conclusion in the first instance." <u>Wood v. Allen</u>, 558 U.S. ___, ___, 130 S. Ct. 841, 849 (Jan. 20,

2010).  A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings

to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing

evidence.'" <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)).

<u>See, e.g.</u>, <u>Lenz v. Washington</u>, 444 F.3d 295, 300-01 (4th Cir. 2006).  Finally, "review under

§ 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

the merits." <u>Cullen v. Pinholster</u>,   U.S.   , 131 S. Ct. 1388 (2011).

 In Claim D, petitioner argues that the trial court erred by admitting the victim's

preliminary hearing testimony, which allegedly violated his right to confront his accuser.

Petitioner believes that he did not have sufficient opportunity to cross-examine the victim about

the extent of his injuries because petitioner was later charged for aggravated malicious wounding,

which required the Commonwealth of Virginia to prove signification permanent impairment,

unlike malicious wounding, which how he was originally charged.

 In dismissing this claim, the Court of Appeals held that the victim's preliminary hearing

testimony was properly admitted.[5]  <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991) (holding

that a federal court can rely on a reasoned state court judgment when later unexplained state court

orders uphold that judgment).  The Court of Appeals of Virginia acknowledged that a defendant

should have a prior opportunity to cross-examine an absent witness.  However, in petitioner's

case, "[petitioner] had the opportunity to question [the victim] at the preliminary hearing about

his injuries because the Commonwealth asked [the victim] where he was stabbed and how long

---

[5] It noted that, although the victim testified at the preliminary hearing, his whereabouts were unknown by the time
of trial. <u>Proctor v. Commonwealth</u>, No. 2860-08-3, slip op. at 1 (Va. Ct. App. Nov. 23, 2005).

he stayed in the hospital.  The Commonwealth also asked [the victim] to show his injuries to the judge."  <u>Proctor v. Commonwealth</u>, No. 2860-08-3, slip op. at 2-4 (Va. Ct. App. Nov. 23, 2005).  The Court of Appeals of Virginia further held that the extent of the victim's injuries was proved through the testimony of a doctor and an investigator who spoke with the victim and that petitioner had an opportunity to confront both of these witnesses at trial.

The Supreme Court of Virginia's denial of this claim is not contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  "The Amendment contemplates that a witness who makes testimonial statements admitted against a defendant will ordinarily be present at trial for cross-examination, and that if the witness is unavailable, his prior testimony will be introduced only if the defendant had a prior opportunity to cross-examine him."  <u>Giles v. California</u>, 554 U.S. 353, 358 (2008) (citing <u>Crawford v. Washington</u>, 541 U.S. 36 (2004)).  Petitioner conceded on appeal that the victim was unavailable at trial; the victim testified under oath at the preliminary hearing; the victim's testimony was accurately recorded; and petitioner was present with counsel and had the opportunity to cross-examine the victim during the preliminary hearing.  <u>Proctor</u>, No. 2860-08-3 at 2; Pet'r's Pet. for Appeal (no. 20-2) 16.  Therefore, the admission of the unavailable victim's prior testimony did not violate the Sixth Amendment's Confrontation Clause, and Claim D is dismissed.  <u>See</u> <u>Crawford</u>, 541 U.S. at 59 (finding no violation of the Confrontation Clause by admitting testimonial statements of a witness absent from trial when the declarant is unavailable and the defendant had a prior opportunity to cross-examine).

III.

For the foregoing reasons, I deny petitioner's motion to amend, grant respondent's motion to dismiss, and deny as moot petitioner's motion for counsel.  Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This ___19th___ day of September, 2011.

Senior United States District Judge

14