CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 13 2018

JULIA C. DUDLEY, CLERK
BY: /s/ H McD___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIN DEAN PROCTOR, | ) | CASE NO. 7:11CV00202 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| DIR., DEP'T OF CORR., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Erin Dean Proctor, a Virginia inmate proceeding pro se, has submitted a motion for reconsideration pursuant to Rule 60(b)(6), seeking reconsideration of the 2011 dismissal of his 28 U.S.C. § 2254 petition. After review of the record, I deny the motion.

## I.

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). When a petitioner seeks Rule 60 relief from the court's judgment denying his § 2254 petition, he must demonstrate "some defect in the integrity of the federal habeas proceedings" to justify revisiting the judgment denying his original habeas petition, such as an erroneous finding of procedural default or a statute of limitations bar. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). To obtain relief under Rule 60(b), Proctor must show four factors: (1) timeliness, (2) a meritorious defense; (3) a lack of unfair prejudice to the

opposing party; and (4) exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984).[1]

Under § 2244(d)(1), a petitioner must file his federal habeas petition within one year from the latest of when: (1) his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, (2) any illegal state created impediment to filing was removed, (3) the United States Supreme Court recognized a new, retroactively applied constitutional right, or (4) the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal statute of limitation period. The federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

## II.

In 2011, I concluded that Proctor's § 2254 petition was time-barred. Specifically, the statute of limitations ran for 370 days:

(1) His conviction became final on December 10, 2009. See Sup. Ct. R. 13(1).

---

[1] At the threshold, I find that Proctor fails to demonstrate factor 1, because the delay in filing the motion was unreasonable—Proctor filed the current motion seven years after his petition was dismissed, and over six years after his appeal was dismissed. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time."). For factors 2 and 4, the motion's lack of merit and exceptional circumstances are discussed below. As to the third requirement, I did not request briefing on unfair prejudice from the respondent.

2

(2) He did not appeal, but filed a state habeas petition in the circuit court on March 7, 2010, 86 days after his conviction became final.

(3) The circuit court denied his petition on July 14, 2010. He appealed, but the Supreme Court of Virginia dismissed the appeal for failure to comply with Va. Sup. Ct. R. 5:17(c).

(4) The statute of limitations ran for 285 days, from July 15, 2010, until Proctor placed his § 2254 petition in the prison mail system on April 25, 2011.

On December 3, 2018, Proctor filed a motion under Rule 60(b)(6) seeking reinstatement of his petition and/or another chance to file a § 2254 petition.[2] He asserts that (1) the court's 2011 decision was incorrect regarding Va. Sup. Ct. R. 5:1, 5:17, and 28 U.S.C. § 2254; (2) extraordinary circumstances tolled the statute of limitations and/or precluded a finding of procedural default; and (3) Martinez v. Ryan, 566 U.S. 1 (2012) entitles him to federal review of the merits of his petition.

### III.

Proctor's Rule 60(b) motion must fail because he fails to demonstrate that I improperly time-barred his petition in 2011, his petition is otherwise entitled to review, or he is entitled to file a new petition. First, I correctly time-barred his petition in 2011. Mem. Op. 3-6, ECF No. 32; see also Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (holding that "petitioner's appeal of the denial of habeas relief" was "not properly filed pursuant to § 2244(d)(2)" because the petitioner "failed to meet the form requirements for properly filing an appeal in the Supreme Court of Virginia" under Va. Sup. Ct. R. 5:17(c)); see also Escalante v. Watson, 488 Fed. App'x 694, 697-98 (4th Cir. 2012) (explicitly agreeing with Christian's logic and finding that petitions that fail to comply with Va. Sup. Ct. R. 5:17(c) do not toll the statute of

---

[2] At one point in his motion, Proctor states: "Although Proctor does not argue the merits of his defaulted claims, he does lend support to suggest that he has a meritorious defense to the procedural bar. Jones v. City of Richmond, 106 F.R.D. 485 (E.D. Va. 1985)." Mot. for Recons. ¶ 20, ECF No. 48.

3

limitations under § 2244(d)(2)). Therefore, the statute of limitations began to run when Proctor failed to comply with Va. Sup. Ct. R. 5:17(c), and expired on April 20, 2011.

Second, he has not demonstrated that his petition is otherwise entitled to federal review. He has not asserted arguments that his petition is timely under § 2244(d)(1)(B)–(D). Furthermore, he has not demonstrated that equitable tolling is appropriate. Proctor argues that his deficient knowledge and lack of attorney in his collateral review proceedings created extraordinary circumstances that entitle him to equitable relief. However, "ignorance of the law is not a basis for equitable tolling," and counsel is not constitutionally mandated on collateral review. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Mallard v. United States Dist. for S. Dist. of Iowa, 490 U.S. 296, 309 (1989). Lastly, he has not demonstrated a fundamental miscarriage of justice or that he deserves a "second bite" at the habeas apple. See McQuiggin v. Perkins, 569 U.S. 383 (2013) (requiring compelling evidence of factual innocence to excuse federal habeas time-bar); 28 U.S.C. § 2244(b)(2) (requiring previously undiscoverable factual predicate or clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty for a successive petition to be considered).

Third, Martinez does not excuse the federal habeas time-bar. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014); Wilson v. Perry, No. 1:14CV576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases agreeing with Thomas).

## IV.

For the foregoing reasons, it is **ORDERED** that Petitioner's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) is **DENIED**.

**ENTERED** this 13th day of December, 2018.

*Jackson S. [signature]*
SENIOR UNITED STATES DISTRICT JUDGE